UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. KANG, et al.,<br><br>Defendants. | Case No. 20-cv-01810-JSC<br><br>**ORDER TO SHOW CAUSE RE: SERVICE OF THE SUMMONS AND COMPLAINT**<br><br>Re: Dkt. No. 8 |

Plaintiff's motion for default judgment is now pending before the Court. (Dkt. No. 11.) Plaintiff seeks default against Defendants James H. Kang dba Food Mart dba Food Barn and Eastgate Enterprise, Inc., In deciding whether to grant or deny a motion for default judgment, the Court must assess whether the defendant against whom default judgment is sought was properly served with notice of the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008) (internal quotation marks and citation omitted). Upon review of Plaintiff's motion for default judgment and the proofs of service of the summons and complaint, the Court has concerns regarding whether on Defendant Eastgate Enterprise, Inc. was properly served in this matter.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service on a corporation may be made by delivering a copy of the summons and complaint in accordance with state law where the district court is located. *See* Fed. R. Civ. Proc. 4(e)(1) & 4(h)(1)(A). California law states that service on a corporation may be made by serving "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Service may be completed by personal service, Cal. Civ. Proc.

1  Code § 415.10, or by leaving the summons and complaint "during usual office hours in [the
2  person's] office or, if no physical address is known, at his or her usual mailing address… with the
3  person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and
4  complaint by first-class mail, postage prepaid to the person to be served at the place where a copy
5  of the summons and complaint were left," Cal. Civ. Proc. Code § 415.20(a).

6      Here, the summons listed Defendant's name and address as "Eastgate Enterprise, Inc.,
7  18000 Studebaker Road #380, Cerritos, CA 90803." (Dkt. No. 8 at 1.) Additionally, the
8  California Secretary of State website lists Defendant Eastgate Enterprise's agent for service of
9  process as Jae S. Cho 18000 Studebaker Road, Ste. 585 Cerritos, CA 90703. *See Business Search*
10 *– Entity Detail*, CALIFORNIA SECRETARY OF STATE, https://businesssearch.sos.ca.gov/ (select
11 "Corporation Name" search type and search "Eastgate Enterprise") (last visited July 29, 2020).
12 However, the Proof of Service states that the complaint and summons were served on Eastgate
13 Enterprise's agent for service of process, Jae Cho, by substituted service by leaving copies with
14 James Kang, Manager, at 1835 Rumrill Blvd. San Pablo, CA 94806. (Dkt. No. 8 at 3.) A copy of
15 the summons and complaint was likewise mailed to Jae Cho at 1835 Rumrill Blvd. San Pablo, CA
16 94806. (*Id*. at 4.)

17     Plaintiff's motion for default judgment does not address (1) that Defendant Eastgate
18 Enterprise was served at a different address than the one identified for the agent for service of
19 process, or that (2) substituted service was made on the co-Defendant James Kang. While
20 substituted service may be proper, "Plaintiffs must [] be reasonably diligent in their attempts at
21 direct service before substitute service is permitted." *Hong-Ming Lu v. Primax Wheel Corp*., No. C
22 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005). Plaintiffs have provided no
23 information regarding what efforts were made to serve Defendant via its agent for service of
24 process at the address provided for the agent for service of process prior to making substituted
25 service. *See Aussieker v. M&S Green-Power Energy, Inc*., No. 2:18-cv-03234-JAM-AC, 2019 WL
26 2183783, at *4 (E.D. Cal. May 21, 2019) (recommending denial of motion for default judgment
27 because plaintiffs did not attempt personal service two or three times before using substitute
28 service).

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE regarding the adequacy of service. Plaintiff shall show cause in writing on or before August 20, 2020. The hearing on Plaintiff's motion for default scheduled for August 13, 2020 is VACATED.

**IT IS SO ORDERED.**

Dated: July 29, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge